IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LEE BAKER, | : | CIVIL NO. 1:CV-12-1452 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| EARL REITZ, et al., | : | |
|     Defendants | : | |

# MEMORANDUM

David Lee Baker ("Baker"), an inmate at the Cumberland County Prison ("CCP"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants are the following CCP employees: Earl Reitz, Warden; Lieutenant Dunlap, Corporal Alleman and Correctional Officer Archdeacon. Baker seeks leave to proceed in forma pauperis in this matter.[1] (Doc. No. 5.) Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     Allegations of the Complaint

Baker alleges that July 12, 2012, an inmate on his cell block advised a CCP correctional officer that he had "flushed a shank." (Doc. No. 1, Compl. at 3.) As a result, the entire block was placed on lockdown, and all cells were searched and all inmates were subjected to strip/body

---

[1] Baker completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on August 17, 2012 (Doc. No. 7), directing the warden at CCP to commence deducting the full filing fee from Baker's prison trust fund account. As such, his motion to proceed in forma pauperis will be granted.

cavity searches. Baker states that the following day, while he was still locked down but other inmates were no longer locked down, another weapon was found on the block. As a result, the entire cell block was again placed on lockdown. Defendants Alleman and Archdeacon came to the block and strip searched four (4) or (5) of the twenty (20) cells on the block. Baker's cell was one of the cells searched on this second occasion. The block remained on lockdown for another twenty-four (24) hours, and no further weapons were located. Baker also alleges that on the evening of July 12, 2012, he was summoned to the medical department and while there Defendant Dunlap screamed at him and hit him with a grievance that was rolled up. (Id. at 4.)

## II.     Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) <u>fails to state a claim on which relief may be granted</u>; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ." Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles. A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v.

Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

In his complaint Baker appears to challenge the searches that were conducted on July 12 and 13, 2012, as well as Defendant Dunlop's conduct in screaming at him and hitting him with a grievance form. First, with respect to any claims of verbal abuse, mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation

3

of the prisoner's civil rights by the officer. Johnson v. Glick, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation). "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Accordingly, any claim of verbal assault fails to state a cognizable claim.

Further, even accepting as true that Defendant Dunlop struck Baker with a rolled-up grievance form when he yelled at him, this action does not elevate Dunlop's words to conduct considered offensive for purposes of the Eighth Amendment. The Third Circuit Court of Appeals has noted that "[a]fter conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison officials's use of force as excessive and unjustified. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000). In considering such a claim, it must be determined "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The prisoner need not show significant injury to state an excessive force claim. Hudson, 503 U.S. at 8, 10. However, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excused from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10. Further, an inmate who complains of a "push or shove" that causes no discernible injury "almost certainly fails to state a valid excessive force claim." Wilkins v.

4

Gaddy, ___ U.S. ___, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010))(citing Hudson, 503 U.S. at 9.) In the instant case, viewing the evidence in the light most favorable to Baker, it cannot be said that the actions taken by Dunlop rise to the level of a constitutional violation. Further, only *de minimis* use of force on Dunlop's part, at best, is alleged. In addition, there is absolutely no allegation of any injury. For these reasons, Baker also fails to state a claim with respect to any Eighth Amendment excessive force allegation.

Finally, the Court also finds that Baker fails to state a claim with respect to any challenge to the propriety of the searches conducted by Defendants on July 12 and 13, 2012. The Supreme Court of the United States has held that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson, 468 U.S. at 526. As such, Baker's claim that the searches of his cell following the lockdowns violated his constitutional rights fails to state a claim for relief.

In addition, Baker's claim that the subsequent strip search of his person following each of the two cell searches violated the Fourth Amendment also fails to state a claim. In Bell v. Wolfish, 99 S. Ct. 1861 (1979), where the Court upheld a detention facility's policy of conducting body cavity searches of pretrial detainees after contact visits with persons outside the prison, the Supreme Court held that inmates have no Fourth Amendment right to be free from strip searches, and that prison officers may conduct body cavity and strip searches without probable cause so long as the search is conducted in a reasonable manner. Id. at 1885. An inmate's right to privacy under the Fourth Amendment is limited both by the need to maintain

prison security and by the inmates own reduced expectation of bodily privacy. Id. at 1884-85. The reasonableness of the search is determined by balancing the need for the particular search against the invasion of personal rights that the search entails. Courts are to consider the scope of the intrusion, the manner in which it is conducted, the justification for initiating it, and the place where the search is conducted. Id. at 1884. In analyzing these factors, courts have also held that strip searches of prisoners in the presence of other inmates and staff is not constitutionally defective, especially in light of legitimate security concerns. See, e.g., Elliot v. Lynn, 38 F.3d 188 (5th Cir. 1994), cert. denied, 115 S. Ct. 176 (1995)(visual body cavity search conducted in presence of other inmates and correctional officers reasonable in context of legitimate security concerns); Franklin v. Lockhart, 883 F.2d 654 (8th Cir. 1989)(legitimate security concerns justified conducting strip searches in view of other inmates); Michenfelder v. Sumner, 860 F.2d 328 (9th Cir. 1988)(strip searches conducted in hallway reasonable in light of legitimate security and safety considerations.).

In applying the foregoing principles to the allegations in the complaint, it is clear that Baker fails to state a claim upon which relief can be granted. In the complaint, he does not allege that the search was conducted for an illegitimate or unjustified purpose. In fact, he fully admits in the complaint that the two cell searches and related strip searches were the result of security threats involving the existence of shanks on his cellblock. Further, there are no allegations that the officer who executed the search did so in an inappropriate or abusive manner. The allegations are clear that a routine strip search was performed incident to the lockdown based upon the security and safety concerns existing on the cellblock. The allegations in Baker's complaint themselves demonstrate that there was a legitimate security purpose for conducting

the strip search. Thus, accepting all allegations in the complaint as true, and drawing all reasonable inferences in favor of Baker, it is clear that he fails to state a claim upon which relief can be granted. Accordingly, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID LEE BAKER,** | : | CIVIL NO. 1:CV-12-1452 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **EARL REITZ, et al.,** | : | |
| **Defendants** | : | |

# ORDER

**AND NOW**, this 6th day of December, 2012, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 5) is **granted**.

2. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to **close this case**.

4. Any appeal taken from this order will be deemed frivolous, without probable cause and not taken in good faith.

                                                           S/ Yvette Kane
                                                           YVETTE KANE, Chief Judge
                                                           Middle District of Pennsylvania